## Succession of Michael Hart—Catharine Stewart and Husband, Appellants.

Appeal from the Court of Probates for the parish of New Orleans, *Bermudez*, J.

Bullard, J. The curator of the estate of Michael Hart presented his tableau of distribution, showing a balance in his hands to be distributed, of $599 44, which he proposed to divide among several mortgage creditors *pro rata*. To this oppositions were filed : *first*, by the Commercial Bank, claiming under a mortgage given by the deceased to Hertzog, upon the lot, the sale of which had produced the whole amount to be distributed, in which the wife of Hart had intervened, and since the promulgation of the act of 1835 renounced her mortgage in favor of the mortgagee ; and *second*, by the widow of Hart, claiming in virtue of her legal mortgage, the amount of her paraphernal property.

The court, in our opinion, did not err in overruling this last opposition. An act was exhibited showing a mortgage in favor of Hertzog, in which the wife had intervened, and the renunciation she then made, as apparently authorized by the legislature, does

not appear to have been rescinded, but is shown as an existing contract which cannot be disregarded, and which must have its effect until annulled. She was, therefore, without capacity to contest the claims of the Commercial Bank.

It appears to be satisfactorily shown that the Commercial Bank was acting, in fact, as the agent of the widow of Hertzog, now Elizabeth Keller, the mortgagee, who was at the same time his universal legatee, and the executrix of his last will. The Court of Probates, therefore, permitted the opposition of the Commercial Bank to accrue to the benefit of the succession of Hertzog, and recognized that succession as first mortgagee. The succession of Hertzog was not before the court, and we see no necessity for subjecting that sum to administration as a part of the estate. The widow placed the note in the hands of the Bank, and the will shows that she was, for aught that appears to the contrary, entitled to it as residuary legatee.

We cannot forbear remarking that this case presents a very striking illustration of the defects of our system of administering estates, and of the enormous charges with which they are burdened. The whole estate of Hart produced $1000, and the costs of administration amounted to $400 56, to wit: $46 to the Register of Wills; $33 for the experts and notary in taking the inventory; $125 to the attorneys of the curator; $50 to the attorney of absent heirs; $25 curator's commissions; and $68 to different newspapers; with some other small charges independently of funeral expenses, in all, upwards of forty per cent upon the whole estate; of this the counsel and curator divide between them twenty per cent upon the estate. It would seem to us that a thousand dollars might have been distributed among creditors, most of whom get nothing at all, at a much cheaper rate. It is true we are not called upon in this case, to pronounce judicially upon any of these allowances; but we think it our duty to notice these frightful abuses, which, in our opinion, call loudly for legislative interference. In this case the widow of the deceased does not get one cent, while three members of the learned profession, who do not appear to have done much, were allowed $175 out of a thousand, seventeen and a half per cent upon the estate.

The judgment of the Court of Probates is therefore avoided and

reversed ; and it is ordered that the opposition of the Commercial Bank be sustained, and that the curator pay over to that Bank the balance in his hands for the use of Elizabeth Kèller, and that the appellees pay the costs of this appeal.

*Van Matre*, for the appellants.

. *L. Janin*, contra.